```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION


MEGAL S. COLE,                    )
                                  )
            Petitioner,           )
                                  )
      v.                          )     No. 4:05CV1397(CEJ)
                                  )
ROY MUELLER,                      )
                                  )
            Respondent.           )
```

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Megal Cole (registration no. 11575), an inmate at the St. Louis County Justice Center (SLCJC), for leave to commence this action without payment of the required filing fee [Doc. #3]. Upon review of applicant's financial information, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee. See 28 U.S.C. § 1915. Therefore, applicant will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### The petition

Petitioner states that he is state prisoner currently serving a six-year sentence for a undisclosed crime. Petitioner claims that while serving his sentence at the Potosi Correctional Center (PCC), he sent a demand to the Prosecuting Attorney for St. Louis County, Missouri to dispose of two other criminal charges pending against petitioner for burglary and stealing a motor vehicle. Petitioner claims that he is being unlawfully held at

SLCJC because the St. Louis County charges have not been timely disposed of, in violation of Missouri law and petitioner's constitutional right to a speedy trial. Plaintiff seeks an order from this Court directing the state court to dismiss the pending criminal charges.

## Discussion

Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed. Title 28 U.S.C. § 2254 requires that petitioner exhaust his available state remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1). There is no indication on the face of the application that petitioner has even presented - much less exhausted - his state statutory and federal constitutional claims to the state courts. Petitioner does not contend that there is an absence of available state remedies. Nor does petitioner assert that circumstances exist that render such state remedies ineffective to protect his rights.[1] Therefore, the instant petition should be dismissed, without prejudice, because petitioner has failed to exhaust his available state remedies.

In accordance with the foregoing,

**IT IS HEREBY** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

---

[1] The Court notes that exhibits to the petition indicate that petitioner is represented by counsel in connection with the pending criminal charges.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition because petitioner has not exhausted his available state remedies.

An appropriate order shall accompany this order and memorandum.

Dated this 14th day of November, 2005.

_____
**UNITED STATES DISTRICT JUDGE**